A. H. JOHNSON, Trustee, *v.* A. H. HURLEY and others.

### October Term, 1876.

TRUST TO A SON FOR HIS WIFE AND CHILDREN. — Under a devise of land to a son for his wife and children, with power in the son "to manage, cultivate, and enjoy the same so long as he may live, and appropriate its benefits to the use of his family," a crop of wheat raised on the land cannot be subjected by execution to the satisfaction of the son's debts.

*Matt W. Allen,* for complainant.

THE CHANCELLOR : — Thomas B. Johnson, by the fourth item of his will, devised certain lands as follows : " I give to my son, Andrew H. Johnson, in trust for his wife and children, the following real estate, to wit," — describing the lands. The next item of his will proceeds thus : " Item 5th. The fee-simple title of the real estate enumerated in item 4th is intended finally to vest jointly in the legal heirs of my son Andrew H. He, son Andrew, is to manage, cultivate, and enjoy the same so long as he may live, and appropriate its benefits to use of his family ; at his decease, should his present wife, Maggie, survive him, it is my will and desire that she shall have one equal third part of it in value during her natural life or widowhood ; at her decease,

or second marriage, it is my will and desire that the whole of it go to the heirs of my son Andrew, jointly." Andrew H. Johnson is in possession of the lands devised under the will, and has raised a crop of wheat upon part of them. The defendants, as creditors of Andrew, have levied their executions upon this wheat. The question submitted to me is, whether this wheat is subject to be levied upon by execution for the individual debt of Andrew H. Johnson.

The devise is to Andrew, "in trust for his wife and children," with authority "to manage, cultivate, and enjoy the same so long as he may live, and appropriate its benefits to use of his family." The granting part of the devise is clearly and exclusively in trust for the grantee's wife and children, and, if we omit the words "and enjoy the same," the power and direction would equally be exclusively for the family. He is made the active trustee for realizing and dispensing the testator's intended benefit to the wife and children. The latter are, in that view, the sole and exclusive objects of the testator's bounty, the son being only the agent or trustee. It is clear, if we give to the words "enjoy the same" such an interpretation as would clothe the son with the entire beneficial interest in the profits and produce of the farm, we would run counter to the will of the testator as directly expressed in the residue of the language used. We must annul the granting words, and the greater part of the words declaratory of the mode of executing the trust. We must hold that the testator, by an incidental clause embodied in the directions given to the trustee, has, in effect, destroyed his grant and the principal objects of his trust. No other interpretation would do the creditors any good. For they stand upon the legal right of their debtor to the whole of the proceeds of the land ; and if he, in law, holds the proceeds in trust under the will, even if he be in part a beneficiary in the trust, their remedy at law fails. Upon the latter construction, their only remedy, if any, would be in equity, to reach his beneficial interest. The

title to the crops would be in him as trustee, and could not be reached by an execution against him as an individual.

The rule of interpretation which prevails in regard to all written instruments is to reconcile all the parts, if possible, and not to annul one part by the construction put upon another. If we say that the testator, by the words " enjoy the same," meant to confer upon his son the entire benefits of the devise, we in effect destroy the main body of the devise, and set aside his wishes most unmistakably expressed. Such a construction is not required by any rule of exegesis with which I am acquainted, and would be forced and unnatural. At most, the words could only mean to confer upon the son some benefit in common with his wife and children, not all the benefit; and, in such case, the weight of authority is that the trust would not be subject to his debts. *Markham* v. *Guerrant*, 4 Leigh, 279 ; *Hill* v. *McRea*, 37 Ala. 175. But I think the testator meant only to confer upon his son the right to be and remain the trustee, with the enjoyment incident to the possession and management of the lands for his family. The son is " to manage, cultivate, and enjoy the same, *as trustee*, so long as he may live, and appropriate its proceeds to use of his family." As he is directed to manage and cultivate, so he is authorized to " enjoy," and that is, as trustee. In this view, the crops are held by him as trustee for his wife and children, — not individually, for his own exclusive benefit. His title depends upon his continuing to manage and cultivate the lands for the purposes of the trust.

Such trusts are not unknown to our laws. In *Benton* v. *Pope*, 5 Humph. 392, the gift was of certain slaves to the testator's grandchildren, " the same to remain in the possession of W. W. Pope [the father of the grandchildren] during his life," but not to be disposed of by him, either for life, or any number of years, nor to be subject to his debts. " We have no hesitation in saying," says Turley, J., " that the whole and exclusive legal title to the negroes is vested,

by the deed, in the grandchildren; and if the father has any interest whatever under the deed, it is a mere equitable usufruct, subordinate to their legal title, not liable for his debts, *and not available for any purpose in a court of law.*" In *Bearden* v. *Taylor*, 2 Coldw. 134, the gift was of two slaves to the children of Betsey Bearden, a daughter of the grantor, with power in her to manage for them, hire out, "or keep them until she pleases to deliver them to her children." The court held that the legal title was vested in the children, and that "Elizabeth Bearden had the use of the property, the right to control it, with no estate." See also *Porter* v. *Greer*, 1 Coldw. 564, and *Gardener* v. *Wagner*, Baldw. 454. These are stronger cases than the one before us; more clearly giving an independent usufruct, and where it was nevertheless held that the usufructuary had no estate, nor any interest available for any purpose at law.

The will in controversy, in my opinion, creates a trust for, and gives the beneficial interest in the lands devised exclusively to, Andrew H. Johnson's wife and children. He has only the power "to manage, cultivate, and enjoy" as trustee for their benefit. He has no such interest as can be reached by execution at law. The land and crops raised thereon belong to the wife and children. *Bottoms* v. *Corley*, 5 Heisk. 1; *Young* v. *Jones*, 9 Humph. 551; *Johnson* v. *Vail*, 1 McCart. 429. Nor, in this view, has he any such interest as could be reached in equity under the Code, sec. 4282 *et seq.* He is, probably, also protected under the exception mentioned in section 4283, "when the trust has been created by, or the property so held has proceeded from, some person other than the defendant himself, and the trust is declared by will duly recorded, or deed duly registered." This exception was held by our Supreme Court to extend to realty, in *Levy* v. *Nichols*, a case never reported, but in which I was of counsel for the Nichols, and a reference to which is made in *Nichols* v. *Levy*, 5 Wall. 433. Decree accordingly.